ARTHUR GEORGE TRAFTON, *Adm'r v.* CHARLES WILLIAM TRAFTON.

*Waldron, Boynton & Waldron* (*Mr. Boynton* orally), for the plaintiff.

*Charles J. Griffin* (by brief and orally), for the defendant.

KENISON, J. The question is whether a widow for whom provision was made in her husband's will is required to take affirmative action by waiver or election in the Probate Court in order to share in intestate property of the husband. This question in turn involves the interpretation of R. L., c. 359, s. 17. "EFFECT OF DEVISE, ETC. Every devise or bequest by the husband or wife to the other shall be holden to be in lieu of the rights which either has by law in the estate of the other, unless it shall appear by the will that such was not the intention."

It was the prevailing common law rule that a testamentary provision in favor of the widow was a bounty to be received in addition to dower. *Brown* v. *Brown*, 55 N. H. 106. Thereafter the statute was amended in 1878 substantially in its present form. Under that statute as construed in this state a devise or bequest was considered exclusive and not additional unless it appear by the will that such was the intention of the testator. *Ellis* v. *Aldrich*, 70 N. H. 219. The surviving spouse who asserts that the testamentary provisions are not in lieu of her rights which the law gives her in the estate of the decedent has the burden of showing such an intention from the will. *Heald* v. *Kilgore*, 84 N. H. 309.

It is argued that the statute should not be applied in the present case because partial intestacy cannot have been intended by the testator and that the statute was intended to apply only in cases where there was a complete testamentary disposal of the property. The statute is sweeping in its terms and is not limited to cases of total testacy. On the contrary its general terms indicate that it applies to the whole estate of the decedent whether it passes wholly or partially by will. Therefore the widow is put to her election between the provisions in the will and her rights by law in the entire estate. *Heald* v. *Kilgore, supra*.

The present proceeding is to be distinguished from a case where the widow is considered as taking nothing under the will. In *McDonough* v. *Haskell*, 84 N. H. 229, it was held that no waiver of the will was required in order for the widow to take her statutory distributory share where the will gave her only such rights as she was entitled to by law. In the present case the widow received and accepted the benefits of the provisions of the will. The will does not indicate that the provi-

190

sions for her benefit were to be in addition to any rights she might have by law and the dismissal of the bill in equity was therefore consistent with R. L., *c.* 359, *s.* 17, the decisions construing it and the majority rule elsewhere where similar statutes exist. 4 Page on Wills, *s.* 1352.

This construction of the statute has been criticized by some commentators as allowing heirs to reap additional benefits at the expense of the widow. 42 Harv. L. Rev. 330; 37 Mich. L. Rev. 236. While these criticisms have merit it is generally considered essential that estates be settled expeditiously and that the rule should operate uniformly without numerous exceptions. The Legislature considered it equally important that the surviving spouse should have the burden of taking affirmative action in any case where there was dissatisfaction with the terms of the will. Since this was not done in the present proceeding, the dismissal of the bill in equity was proper.

*Exceptions overruled.*

All concurred.